UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BRETT N. COE,

    Plaintiff,

v.                                  Case No. 2:16cv365

CFRA, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

Before the Court is Defendant CFRA, LLC's motion to dismiss Count II of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and accompanying memorandum. ECF Nos. 21-22. Plaintiff Brett N. Coe filed a memorandum in response, ECF No. 24, and Defendant did not file a reply to Plaintiff's response. This matter was referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to a Referral Order from the Chief United States District Judge. ECF No. 25; *see also* 28 U.S.C. §§ 636(b)(1)(B); Fed. R. Civ. P. 72(b); E.D. Va. Local Civ. R. 72. After reviewing the briefs, the undersigned disposes of the Motion on the papers without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7(J). For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's motion to dismiss Count II be **GRANTED** and that Count II of Plaintiff's Amended Complaint be **DISMISSED WITH PREJUDICE.**

On February 1, 2017 Plaintiff filed an amended complaint against CFRA, LLC, after the Chief District Judge dismissed certain counts of Plaintiff's original complaint but gave leave for him to amend. The amended complaint asserts two counts: (I) discrimination based on disability under the ADA and (II) defamation *per se*. ECF No. 18. Defendant then filed the instant motion

to dismiss Count II which has been referred to the undersigned. Count II is based on the following allegations: Defendant is a franchisee of IHOP and owns and operates several IHOP restaurants in and around Virginia and North Carolina, including an IHOP restaurant located on First Colonial Road within the City of Virginia Beach. ECF No. 18 at ¶ 7. On February 16, 2016, Defendant hired Plaintiff to work as an assistant manager at the First Colonial restaurant. *Id.* at ¶ 8. That restaurant was managed by Richard Sanders. *Id.* at ¶ 11. On March 6, 2016, "Mr. Sanders approached Plaintiff while Plaintiff was with a cashier and customer" where he "waived a 'ticket' in Plaintiff's face and stated in an accusatory and loud manner: 'Jessica said you took the credit card receipt off her table while you were cleaning it off. The system shows that it was closed out. You need to look through the stack and find it." *Id.* at ¶ 25. Sanders made this accusation against Plaintiff "while still in the general dining area with customers present." *Id.* at ¶ 27. When Plaintiff attempted to respond, Sanders instructed him to "carry [his] ass to the back." *Id.* When Plaintiff protested the manner in which Sanders spoke to him, Sanders responded: "how about this, I'm firing your ass, how do you like that?" *Id.* at ¶ 28.

Defendant has alleged that Count II fails to state a claim for defamation per se because it "fails to allege how an alleged statement accusing Plaintiff of removing a credit card receipt from a table might be reasonably construed as an accusation of criminal or fraudulent conduct" and "how being accused of removing the credit card receipt from a table would prejudice him in the restaurant manager profession." ECF No. 22 at 1. A motion filed under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint. *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 338 (4th Cir. 2006). In considering this motion the Court must assume that the facts alleged are true, and view them in the light most favorable to the plaintiff. *Eastern Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Rule 8(a) requires that

2

"[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro 8(a). To be sufficient under Rule 8, the pleading must meet two basic requirements: it must contain sufficient factual allegations and those allegations must be plausible. *Adiscov, LLC v. Autonomy Corp.*, 762 F. Supp. 2d 826, 829 (E.D. Va. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). First, sufficient factual allegations include "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do;" rather, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Second, to "nudge[] their claims across the line from conceivable to plausible," *id.* at 570, "plaintiff[s] [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. Indeed, to achieve factual plausibility, plaintiffs must allege more than "naked assertions . . . without some further factual enhancement." *Twombly*, 550 U.S. at 557. Otherwise, the complaint will "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.*

Confronted with Defendant's motion, Plaintiff responded: "[u]pon further consideration of this matter and in the interest of streamlining the issues presented, Plaintiff will voluntarily withdraw his defamation *per se* claim as presented in Count II of his Amended Complaint." ECF No. 24 at 2. In light of the allegations in the amended complaint and the standard Plaintiff faces under Rules 8 and 12(b)(6), Plaintiff's decision to voluntarily withdraw his defamation claim is eminently reasonable. Consequently, the undersigned **RECOMMENDS** that Defendant's motion to dismiss Count II of the amended complaint, ECF No. 21, be **GRANTED**, and that Count II of Plaintiff's Amended Complaint be **DISMISSED WITH PREJUDICE.**

3

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. The Chief United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to all counsel of record.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
March 29, 2017